## SILVER & GOLDSTEIN v. CHAPMAN et al.

BECK, P. J. 1. Where an insolvent mercantile firm, composed of two members, agreed with a creditor to sell and assign to the latter, and did actually in writing assign and transfer all the right, title, and interest which they might have to any property or funds claimed by them as homestead exemptions in bankruptcy proceedings, in payment of a pre-existing debt, and the creditor agreed that he would attend the bankrupt sale of the stock of goods of the debtors and buy in the same if it was sold at a reasonable price, and after purchasing it turn it over to the debtors making the assignment,—that is, to resell the goods to them, the debtors agreeing to repay the creditor for the stock of goods thus turned over after it was bought at the bankrupt sale, or, in case he did not buy the stock at the bankrupt sale, he would "finance" the firm so that they might resume business, the assignment of the exemptions referred to above was not void per se as against other creditors, but the transaction was valid if there was no intention to defraud, delay, or hinder the creditors. The agreement to return or resell the stock of goods to the bankrupt firm, or to finance them in case of failure of the creditor to buy at the bankrupt sale, was not necessarily a reservation made for the benefit of the debtor. A discussion of the principle involved here will be found in the case of *Cribb* v. *Bagley,* 83 *Ga.* 105 (10 S. E. 194), and the decision in that case was reaffirmed in *McKenzie* v. *Thomas,* 118 *Ga.* 728 (45 S. E. 610). The question as to whether or not the sale and assignment of the exemptions claimed was bona fide or fraudulent was for the jury under the facts of the case.

2. "If the verdict was not demanded by the law and the evidence, the Supreme Court will not disturb the first grant of a new trial, though it was put upon a single ground; nor will it determine whether the trial court was right in granting the motion on the special ground."

3. Applying to the present case, the principles above stated, the judgment of the court below granting a new trial will not be disturbed.

*Judgment affirmed. All the Justices concur.*

No. 4909.  OCTOBER 15, 1925.

Equitable petition. Before Judge Stark. Jackson superior court.  May 6, 1925.

*J. O. Adams* and *Wolver M. Smith,* for plaintiffs in error.
*Pemberton Cooley,* contra.